1

2

3

4

5

6

7

8                           **IN THE UNITED STATES DISTRICT COURT**

9                           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   MANUEL ALCALA FARIAS,                        CASE NO. CV F-05-1496 AWI LJO

12                  Plaintiff,                    **ORDER TO DISMISS COMPLAINT WITH**
                                                  **LEAVE TO AMEND**
13          vs.

14   DEPUTY LEWIS, et al.,

15                  Defendants.
     _____/

16

17   _____**BACKGROUND**_____

18          Plaintiff Manuel Alcala Farias ("plaintiff") proceeds pro se and in forma pauperis in this apparent

19   action under 42 U.S.C. § 1983 ("section 1983").  On November 23, 2005, plaintiff filed several

20   combined papers which this Court construes as a complaint ("complaint").  The complaint's apparent

21   caption lists Deputies Lewis, Ochoa and Castillo (collectively "defendants") as defendants but fails to

22   identify their employing law enforcement agency.  The complaint appears to take issue with the arrest

23   of and criminal proceedings against plaintiff's wife.  The complaint appears to make vague references

24   to an attack.

25                                    **DISCUSSION**

26                                **Standards For Screening**

27          "A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal

28   may be made without notice where the claimant cannot possibly win relief."  *Omar v. Sea-Land Service,*

                                              1

*Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on defendants).

Since plaintiff proceeds in forma pauperis, this Court, notwithstanding any filing fee that may have been paid, shall dismiss a case at any time if the Court determines the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e); 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial (2005) Attacking the Pleadings, para. 9:226.1, pp. 9-65. A court need not accept as true factual allegations in in forma pauperis complaints and may reject "completely baseless" allegations, including those which are "fanciful," "fantastic" or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992).

A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-1228 (9th Cir. 1984). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. *Neitzke*, 490 U.S. at 324. A federal court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986). A lack of good faith is found most commonly in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases. *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981); *Ballentine v. Crawford*, 563 F.Supp. 627, 628-629 (N.D. Ind. 1983); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements

2

1   made with intent to deceive the court.  *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).

2          A complaint, or portion thereof, may be dismissed for failure to state a claim if it appears beyond

3   doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to

4   relief.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41,

5   45-46 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir.

6   1981).  "[W]hen a federal court reviews the sufficiency of a complaint, before the reception of any

7   evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether

8   a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support

9   claims."  *Scheurer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1688 (1974); *Gilligan v. Jamco Development*

10  *Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

11         The face of the complaint reflects jurisdictional and pleading deficiencies to prevent plaintiff

12  from offering evidence to support claims raised in the complaint.

13                              **Jurisdictional Deficiencies**

14         F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

15              (a) Claims for Relief.  A pleading which sets forth a claim for relief . . . shall
        contain (1) a short and plain statement of the grounds upon which the court's jurisdiction
16      depends, unless the court already has jurisdiction and the claim needs no new grounds
        of jurisdiction to support it, (2) a short plain statement of the claim showing that the
17      pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader
        seeks.
18
             . . .
19
             (e)     Pleading to be Concise and Direct; Consistency.
20
             (1)     Each averment of a pleading shall be simple, concise and direct.
21

22         A pleading may not simply allege a wrong has been committed and demand relief.  The

23  underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds

24  upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v.*

25  *United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).  Although a complaint need

26  not outline all elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these

27  elements exist."  *Walker v. South Central Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis*

28  *v. ACB Business Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998).  Despite the flexible pleading

                                              3

policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649.

Here, the complaint fails to allege a basis for this Court's jurisdiction, makes a vague reference to section 1983, and reveals no grounds to invoke this Court's jurisdiction. The complaint fails to indicate defendants' employing law enforcement agency. In the absence of grounds for this Court's jurisdiction, this Court is unable to proceed.

## General Deficiencies As To Claims

F.R.Civ.P. 8(a) requires a short plain statement of plaintiff's claim. The complaint does not adequately identify grounds for relief against a particular defendant to satisfy F.R.Civ.P. 8(a)(2). The complaint fails to provide any defendant fair notice and to state elements of a claim of plaintiff plainly and succinctly. The majority of the complaint appears to address plaintiff's wife, who is not a party. The pleading deficiencies prevent this Court from proceeding on plaintiff's complaint. Nonetheless, this Court grants plaintiff an opportunity to attempt to cure the complaint's deficiencies.

## Section 1983 Deficiencies

The complaint refers to section 1983, which provides:

> Every person who, under the color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

To state a section 1983 claim, a plaintiff must plead that: (1) defendants acted under color of state law at the time the complained of act was committed; and (2) defendants deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Gibson v. United States,* 781 F.2d 1334, 1338 (9th Cir. 1986). The complaint fails to state colorable claims (or any claims for that matter) by plaintiff against defendants. The complaint fails to allege defendants acted under color of state law. The complaint points to no constitutional right of which defendants deprived plaintiff.

Moreover, section 1983 requires that there be an actual connection or link between the actions

of defendant and deprivation allegedly suffered. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit Court of Appeals has held that "[a] person 'subjects' another to deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). The complaint fails to satisfy the linking requirement as to defendants and to articulate how defendants deprived plaintiff of constitutional rights and resulting harm.

## Standing And Real Party In Interest

To highlight the complaint's lack of clarity, the complaint appears to address claims of plaintiff's wife, who is not a plaintiff. All documents filed with this Court must bear the original signature of the filing party or parties. *See* F.R.Civ.P. 11; Local Rule 7-131(b). Plaintiff only signed the complaint and lacks standing and is not a real party in interest to pursue claims for his wife or other family members.

The constitutional requirements for standing emanate from Article III, section 2 of the United States Constitution, which grants federal courts jurisdiction over "cases" and "controversies." *Kardules v. City of Columbus*, 95 F.3d 1335, 1346 (6th Cir. 1996). "It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and exercise of the court's remedial powers." *Warth v. Seldin*, 430 U.S. 490, 518, 95 S.Ct. 2197 (1975). To invoke standing, a plaintiff must allege "(a) a particularized injury (b) concretely and demonstrably resulting from defendant's action (c) which injury will be redressed by the remedies sought." *Bowker v. Morton*, 541 F.2d 1347, 1349 (9th Cir. 1976).

"At an irreducible minimum, Article III requires that the plaintiff show that he has personally suffered some actual or threatened injury as a result of defendant's illegal conduct . . . and that the injury 'fairly can be traced to the challenged action' and 'is likely to be redressed by a favorable decision.'" *Fair v. United States Envir. Protection Agency*, 795 F.2d 851, 853 (9th Cir. 1986) (citation omitted; quoting *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 38, 41, 96 S.Ct. 1917, 1924, 1925 (1975) (standing is a constitutional limitation of federal court jurisdiction to actual cases or controversies and absent a showing of standing, an exercise of federal court power would be inconsistent with Article III limitations)). "Pecuniary injury is a sufficient basis for standing." *Fair*, 795 F.2d at 853; *see Barlow*

1  *v. Collins*, 397 U.S. 159, 163-164, 90 S.Ct. 832, 835-836 (1970).

2       Standing and real-party-in-interest questions overlap to the extent they ask whether the plaintiff

3  has a personal interest in the controversy. *Whelan v. Abell*, 953 F.2d 663, 672 (D.C.), *cert. denied*, 506

4  U.S. 906, 113 S.Ct. 300 (1992).  F.R.Civ.P. 17(a) addresses real party in interest and provides in

5  pertinent part: " Every action shall be prosecuted in the name of the real party in interest."  "Rule 17(a)

6  is designed to ensure that lawsuits are brought in the name of the party possessing the substantive right

7  at issue." *Klamath-Lake Pharmaceutical Association v. Klamath Medical Service Bureau*, 701 F.2d

8  1276, 1282 (9th Cir. 1983).  F.R.Civ.P. 17(a)'s function "is simply to protect the defendant against [a]

9  subsequent action by the party actually entitled to recover, and to insure generally that the judgment will

10  have its proper effect as res judicata." F.R.Civ.P. Adv. Comm. Note.

11       The complaint fails to allege facts to demonstrate that plaintiff is a proper party to invoke judicial

12  resolution of a dispute as to his wife or family members and to exercise this Court's remedial powers

13  as to his wife or family members.  The complaint fails to allege plaintiff suffered actual or threatened

14  injury as a result of a defendant's conduct.  The complaint fails to establish plaintiff possesses

15  substantive rights as to his wife or family members.

16                                   **Malice**

17       This Court is concerned that plaintiff has brought this action in absence of good faith and

18  attempts to take advantage of cost-free filing to vex defendants.  The complaint reflects plaintiff's

19  attempt in other forums to address claims.  Such attempt to vex defendants provides further grounds to

20  dismiss plaintiff's complaint.

21                          **Attempt At Amendment**

22       Plaintiff is admonished that this Court's Local Rule 15-220 requires an amended complaint to

23  be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint

24  supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  After the filing

25  of an amended complaint, the original pleadings serves no further function.  Thus, in an amended

26  complaint, each claim and involvement of each defendant must be sufficiently alleged.

27                      **CONCLUSION AND ORDER**

28       For the reasons discussed above, this Court:

1          1.      DISMISSES plaintiffs' complaint, filed November 23, 2005, with leave to amend; and

2          2.      ORDERS plaintiffs, no later than December 15, 2005, to file an amended complaint in

3                  compliance with this order.

4          **This Court admonishes plaintiff that failure to file an amended complaint in compliance**

5   **with this order will result in recommendation to dismiss this action for failure to obey a court**

6   **order.**

7          IT IS SO ORDERED.

8   **Dated:    November 30, 2005**              _____/s/ Lawrence J. O'Neill_____
    66h44d                                       UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7