IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ALCALA FARIAS, ) | CV F 05-1496 AWI LJO |
| Plaintiff, ) | ORDER DENYING OBJECTIONS |
| v. ) | |
| DEPUTY LEWIS, et al., ) | (Documents #13 & #14) |
| Defendants. ) | |

On November 23, 2005, Plaintiff filed several papers which this court construed as a complaint. On November 30, 2005, the Magistrate Judge dismissed the complaint based on its numerous pleading deficiencies, failure to state a cognizable claim and apparent attempt to pursue claims for nonplaintiffs and to vex defendants. In response to the order, on December 12, 2005, Plaintiff filed a form amended complaint ("amended complaint") which appeared to name the same defendants as Plaintiff's original complaint. The amended complaint was also unclear, but took issue with the arrest of Plaintiff's wife and sought the return of money plaintiff's family members paid in bail.

On December 14, 2005, the Magistrate Judge issued Findings and Recommendations that recommended the court dismiss this action without prejudice on grounds that the amended complaint failed to: (1) satisfy pleading, standing and real-party-in-interest requirements; and (2) state a cognizable claim. On December 19, 2005, Plaintiff filed objections to the Findings and

Recommendations.

On December 27, 2005, the court adopted the Findings and Recommendations and dismissed and this action.  The court again explained that Plaintiff does not have standing to file an action concerning alleged constitutional violations that may have happened to his wife.

On December 27, 2005 and December 29, 2005, Plaintiff filed documents entitled "objections."   The court construes these documents as requests for the court to reconsider the December 27, 2005 order dismissing this action.

The court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs.  Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988).  Nor is reconsideration to be used to ask the court to rethink what it has already thought.  United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

In his objections, Plaintiff makes arguments that have been considered and rejected by the court.    Nothing in these documents convinces the court that the court erred by dismissing this action.  The amended complaint was vague and it appears Plaintiff was trying to raise violations of other people's constitutional rights.

1 | Accordingly, Plaintiff's objections, which have been construed as motions for
2 | reconsideration, are DENIED.
3 |
4 | IT IS SO ORDERED.
5 | **Dated:    January 9, 2006**                   **/s/ Anthony W. Ishii**
    0m8i78                                          UNITED STATES DISTRICT JUDGE

3